IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES ODOM #113614 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv237 |
| KIM SUNG | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff James Odom, an inmate of the Gregg County Jail proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Allegations**

Plaintiff, a pretrial detainee, sues his appointed defense counsel. He alleges that counsel refuses to confer with him or to file motions Plaintiff believes are appropriate to file in his state criminal case, including a motion for bond and a motion for speedy trial. (Dkt. #1 at 4.) The relief he seeks is an order requiring Defendant to file such motions in state court. (*Id.*)

Plaintiff attaches to his complaint several institutional grievance documents in which he complains of denial of access to the law library and a "joint effort" by jail administration to somehow violate his rights. (Dkt. #1-1.) But Plaintiff's handwritten note on the first page of these documents specifies that "[t]his packet is for lawsuit against Kim Sung att at law," and he does not name any other defendants in his complaint. (*Id.* at 1; Dkt. #1 at 1, 3.) Moreover, the Court dismissed claims against jail personnel based on similar complaints of lack of access last

year. *See* Report and Recommendation, *Odom v. Fuller, et al.*, No. 6:22-129 (E.D. Tex. Apr. 22, 2022), *adopted* (E.D. Tex. Jun. 10, 2022). Accordingly, the Court does not construe these attachments to reflect any effort to pursue claims against anyone other than Plaintiff's appointed defense counsel.

## II. Legal Standards and Preliminary Screening

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, so his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Plaintiff is proceeding *in forma pauperis*, so his complaint is also subject to screening under section 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*,

504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative

even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

**III. Discussion and Analysis**

Plaintiff's lawsuit fails for one simple reason: defense counsel is simply not subject to suit under Section 1983. To state a civil rights claim under Section 1983, a plaintiff must allege facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan,* 443 U.S. 137 (1979). The requirement to show the defendant violated his rights while acting under color of state law means the defendant must be a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Private individuals are not state actors subject to suit under Section 1983 unless their conduct is "fairly attributable to the state." *Moody*, 868 F.3d at 352; *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Section 1983 provide a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law. 42 U.S.C. § 1983. Anyone whose conduct is 'fairly attributable to the State' can be sued as a state actor under § 1983."). To establish fair attribution to the State,

> [T]he plaintiff must show (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor.

*Moody*, 868 F.3d at 352 (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 432 (5th Cir. 2004)). Finally, "[d]eciding whether a deprivation of a protected right is fairly attributable to the State begins by identifying the specific conduct of which the plaintiff complains." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005) (internal quotations and citation omitted).

The Fifth Circuit has summarized the different tests under which a private party can be

deemed to have acted under color of state law:

> According to the public function test, a private entity acts under color of state law when the entity performs a function which is "exclusively reserved to the state." *Flagg Bros.*, 436 U.S. at 157–58 (internal quotations omitted); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). The state compulsion (or coercion) test holds the state responsible "for a private decision only when [the state] has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (internal quotations omitted). Similarly, the nexus or state action test finds state action where the state has "so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357–58 (1974); *see also Lugar*, 457 U.S. at 941–42 (1982).

*Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003).

But a private person, including a defense attorney, is not a state actor under 42 U.S.C. § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.") Even appointed counsel who are paid by the government for representing their clients are not state actors for Section 1983's purposes. *Id.* at 321. The representation of a client is not a function reserved to the state, and counsel's decisions about how to proceed in such representation are not matters in which the state is involved. Accordingly, Plaintiff's defense attorney is not a state actor subject to suit under Section 1983, even assuming the truth of Plaintiff's allegations against him.

For the reasons set forth above, Plaintiff's complaint fails to state a claim for which relief can be granted under Section 1983. Traditionally, district courts should permit a pro se plaintiff an opportunity to amend his complaint or claim before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-

68 (5th Cir. 2009). There is no plausible amendment to Plaintiff's complaint that would render his criminal defense attorney a state actor, and judicial economy dictates against inviting a futile amendment in this case.

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 10th day of May, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE